IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : |
| | : |
| **CALVIN JAMES SMITH, a/k/a "ROLLO",** *et al.*, | :    CASE NO: 7:23-cr-065 (WLS) |
| | : |
| **Defendants.** | : |

## ORDER

On July 12, 2023, Defendant Calvin James Smith, along with nineteen additional Defendants were indicted by a grand jury in a forty-three count indictment (Doc. 1).[1] On August 21, 2023, the Government filed a Motion for a Protective Order Governing Discovery Material (Doc. 224) ("Motion"). Therein, the Government moves for protective order limiting the use and dissemination of discovery material and information in the above captioned case. (*Id.* at 1) The Government contends that the discovery materials in the Government's possession include voluminous Personal Identifiable Information ("'PII") from various individuals, and that redaction of all the personal information (i.e. dates of birth, social security numbers, addresses, driver's license numbers, etc.) is impractical. (*Id.*) The Government does not propose to limit the defense teams from reviewing the discovery and, if necessary, using it to prepare for trial in the above-captioned case. Instead, the Government is, in essence, proposing that defense counsel assume the responsibility for redacting all PII from the discovery material prior to disseminating discovery materials to defendants or necessary

---

[1] The above-captioned Indictment alleges a total of forty-four counts (Sixteen Counts of Distribution of Methamphetamine, Fourteen Counts of Distribution of Cocaine Base, Three Counts of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, Three Counts of Possession with Intent to Distribute Methamphetamine, Two Counts of Possession of a Firearm by a Convicted Felon, Two Counts of Possession with Intent to Distribute Marijuana, One Count of Conspiracy to Distribute and to Possess With Intent to Distribute Controlled Substances, One Count of Distribution of Cocaine, One Count of Attempt to Possess with Intent to Distribute Cocaine, One Count of Possession with Intent to Distribute Cocaine).

1

witnesses. The Motion also requests that the Court prohibit persons outside of those necessary to prepare the defense from obtaining or reviewing the discovery materials.

In its Motion, the Government references a proposed order, which has not been filed on the record,[2] that the Government claims would balance the defense teams' need for access to materials with the privacy concerns of individuals associated with the discovery materials. The Government provides no case law to support its Motion, but rather claims that Federal Rule of Criminal Procedure 16(d) provides the authority to issue such protective order in this matter.

Based on the foregoing, the Court hereby **ORDERS**:

1. That on or before **Monday, August 28, 2023**, the Government shall file on the record the proposed order and shall supplement the Motion with sufficient information and authority for the Court to determine whether good cause exists for the Court to require defense counsel to assume the responsibility for redacting all PII from the Government's discovery materials.

2. That on or before **Tuesday, September 5, 2023**, the defendants shall file their responses and/or objections to the Motion, if any.

**SO ORDERED**, this 22nd day of August 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The Government provided a copy of the proposed order to Chambers only.

2