IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:23-CR-65-WLS-TQL |
| CALVIN JAMES SMITH, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Pending before the Court is the United States of America's Unopposed Motion to Declare the Case Complex Pursuant to 18 U.S.C. § 3161(h)(7)(B), Extend Deadlines in the Standard Pretrial Order, and Request to Specially Set this Matter for Trial. (Doc. 284). Specifically, the Government requests that this Court declare the case complex and seeks an extension of the discovery deadlines set forth in the Court's Standard Pretrial Order. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance or extension. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice, whether the case is especially unusual or complex, or whether the case is unusual or complex enough that the failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

In the present case, the Court finds that this case is complex and that failure to grant a continuance would be likely to result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). This case involves a forty-four (44) count Indictment charging twenty (20) different Defendants with Conspiracy to Distribute methamphetamine, cocaine base,

cocaine, marijuana, along with substantive counts of Distribution and Possession with Intent to Distribute Methamphetamine, Cocaine Base, Cocaine, Marijuana, and Possession of a Firearm by Convicted Felon and in Furtherance of a Drug Trafficking Crime. (Doc. 1).

The Government represents that it has conferred with Defense Counsel for sixteen (16) Defendants and that they have no objection to the filing of the Government's Motion or the relief requested.[1] (Doc. 284, at 4). The Government notes that it is in the process of arresting remaining three (3) Defendants. (*Id.* at 2). Discovery in this case is voluminous and complex comprising over forty (40) body camera videos, seventy (7) audio/video recordings from controlled buys, four (4) different pole cameras and photographs. (Doc. 284, at 2). The Government further notes that it will need to receive hard drives and download the discovery onto them before it can produce discovery and that witnesses and evidence are also located outside the Middle District of Georgia. (*Id.*) As such, the Government states that Defense Counsel will need additional time to review discovery, to determine whether to file any pretrial motions, and to prepare for trial. (*Id.* at 3). The Government also proposes that the Court set a status conference with the Parties for the purpose of discussing an appropriate schedule. (*Id.* at 4).

Based on reasons stated in the Unopposed Motion (Doc. 284), the Court finds that this case is too complex to expect the parties to prepare for trial during the statutory time periods. Therefore, in this case, the ends of justice served by granting a continuance and designating the case as complex outweigh the best interest of the public and Defendants in a speedy trial.

---

[1] As of September 5, 2023, which is when the instant Motion (Doc. 284) was filed, the Government notes that of twenty (20) Defendants, seventeen (17) have made their initial appearances. (Doc. 284, at 2). In particular, Defendant Hajjaj has had his initial appearance in the Eastern District of California on August 23, 2023, and he is set to be arraigned in the Middle District of Georgia on September 14, 2023. (*Id.* at 2 n.1). The three (3) remaining Defendants who have not yet made their initial appearances are Maria Young Graham, Charles Dunwoody, and Eddie Lee Harley. (*See* the docket).

2

Therefore, for good cause shown, the Government's Motion (Doc. 284) is **GRANTED.** Accordingly, the case is deemed complex, and the above-captioned matter is hereby **CERTIFED COMPLEX.**  Therefore, it is **ORDERED** that this case be **EXCLUDED FROM COMPUTATION** under 18 U.S.C. § 3161 for the aforementioned reasons. Accordingly, the case is hereby **CONTINUED** beyond the time limitations set by the Speedy Trial Act.

The Parties are hereby **ORDERED** to confer and then meet with the Court in a status conference to discuss deadlines and scheduling.  The Court shall set the time and date for the status conference by a separate Order. The Court intends to set a special trial date for the above-styled matter following the status conference.

**SO ORDERED,** this __11th__ day of September 2023.

                                                                             __/s/ W. Louis Sands__
                                                                             **W. LOUIS SANDS, SR. JUDGE**
                                                                             **UNITED STATES DISTRICT COURT**