IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : |
| | : |
| **CALVIN JAMES SMITH, a/k/a** | :    CASE NO: 7:23-cr-065 (WLS) |
| **"ROLLO",** *et al.*, | : |
| | : |
| **Defendants.** | : |
| _____ | : |

### ORDER

      Before the Court is the Government's Motion for a Protective Order Governing Discovery Material (Doc. 224) ("Motion"), as amended and supplemented by the Government's Amended Motion for a Protective Order to Limit Disclosure of Discovery Materials (Doc. 267) ("Amended Motion"). Therein, the Government moves for protective order limiting the use and dissemination of discovery material and information in the above captioned case. The Amended Motion was filed pursuant to the Court's Order (Doc. 231) requiring the Government to supplement its Motion with sufficient information and authority for the Court to determine whether good cause exists for the Court to grant the motion and in particular to require defense counsel to assume the responsibility for redacting all Personal Identifiable Information ("'PII'") from the Government's discovery materials. The Order (Doc. 231) also required the Government to file a copy of its proposed order and provided that Defendants should file responses or objections, if any, on or before September 5, 2023.

      The Amended Motion clarifies the instances in which the Defendants are required to redact PII and the limitations on disclosure of the discovery materials. None of the Defendants filed objections or responses to the Motion or Amended Motion.

      Upon full review of the record, the Court finds that the Motion (Doc. 224), as amended and supplemented by the Amended Motion (Doc. 267), is well-taken and should be and hereby is **GRANTED**.

      **IT IS HEREBY ORDERED**, pursuant to Federal Rules of Criminal Procedure 16(d) that:

1. As used herein the term "defense team" shall constitute: Defendants, defense counsels, co-counsels, and paralegals, investigators, litigation support personnel, and secretarial staff working for defense counsel.

2. As used herein the term "defense attorney" shall constitute: defense counsels, co-counsels, and paralegals, investigators, litigation support personnel, and secretarial staff working for defense counsel. The term "defense attorney" does **NOT** include the defendant.

3. As used herein, the term "discovery materials" shall pertain to all materials provided by the Government in discovery in the above captioned case.

4. As used herein, the term "complete intercepted communications" shall pertain to the complete recording of all phone calls and text messages intercepted through the course of the wiretaps on cellular phones belonging to Calvin Smith Sr.

5. As used herein, the term "selected intercepted communications" shall pertain to those phone calls and text messages between Calvin Smith Sr. and the individual defendants.

6. As used herein, the term "controlled buys" shall pertain to the audio and/or video recordings of the human confidential sources and the individual defendants.

7. The discovery materials in the above captioned case may be reviewed in full by the defense team, and if necessary, may be used in the trial of this case. However, the defense team is restricted from sharing the discovery materials outside the defense team. Each defendant is prohibited from possessing the discovery materials when not with defense counsel.

8. The defense team may also review the discovery materials with any expert witness that may be necessary in the preparation of defendant's defense. However, the defense team must limit the discovery materials provided to any expert witness to those necessary for the expert witness to perform his or her work. The defense team must also take care in sharing these materials to ensure that no Personally Identifiable Information (PII) is given to the expert witness.

9. The defense team may disclose the discovery materials to any witness it deems necessary in the preparation of the defendant's defense. However, such witness may not be provided a copy of the discovery materials but may only review them while in the presence of defense counsel or any co-counsel, paralegal, investigator, litigation support person, or

secretary of defense counsel. The defense team must also ensure that any PII has been redacted before showing the discovery material to such witness.

10. The discovery materials may also be disclosed and provided to the Court (including by filing and making use of exhibits) in connection with the proceedings in the criminal case. It shall be the responsibility of any party filing discovery materials to ensure that all PII has been redacted.

11. The controlled buys, pole camera video and complete intercepted communications may be reviewed in full by the defense team. However, the entirety of the controlled buys, pole camera video and intercepted calls and text messages shall **NOT** be provided to the individual defendants, but rather that their attorney must retain exclusive possession of those intercepted communications.

12. If any defendant or his or her counsel desires to disclose or make available the discovery materials to any person not described in this ORDER or for any purpose other than the defense of the criminal case, they must seek relief from the Court.

13. This ORDER shall survive the final termination of this criminal case, to include any appeal, and upon termination of this criminal case, counsel for the defendant shall return all copies of the discovery materials to the Government that are not a matter of public record at the time (i.e., trial exhibits or other publicly filed exhibits or documents) or shall certify that said documents have been destroyed.

14. If any defense counsel determines that a defendant requires access to any discovery not allowed herein to be made available to such defendant, then such defendant shall promptly file the appropriate written motion, stating the reasons such disclosure should be made to defendant. Counsel for the Government shall promptly file a response. Thereafter, the Court shall consider and rule upon the motion and/or hold a hearing, if necessary or appropriate.

15. The ORDER is subject to modification upon appropriate motion.

**SO ORDERED**, this 13th day of September 2023.

                                           /s/ W. Louis Sands
                                           **W. LOUIS SANDS, SR. JUDGE**
                                           **UNITED STATES DISTRICT COURT**