IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | **CASE NO: 7:23-CR-65 WLS-TQL-01** |
| : | |
| **CALVIN JAMES SMITH, a/k/a ROLLO,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

**ORDER**

On July 12, 2023, Defendant Calvin James Smith, Sr., aka Rollo ("Smith Sr."), along with nineteen additional Defendants were indicted by a grand jury in a forty-three count indictment (Doc. 1). On September 4, 2024, Defendant Calvin James Smith, Sr.'s Motion to Sever (Doc. 444) ("Motion to Sever") was filed. Therein, based on *Bruton v. United States*, 391 U.S. 123 (1968) and Federal Rules of Criminal Procedure 12(b)(3)(D) and 14(a) that his trial be severed from that of his co-defendant Calvin James Smith, Jr. ("Smith Jr.") on the basis that Smith Jr. made post-*Miranda* statements ("Smith Jr.'s Statement") to law enforcement directly inculpating Smith Sr. Defendant Smith Sr. believes the Government will attempt to introduce Smith Jr.'s Statement at trial against Smith Sr. If the trials are not severed, Smith Sr. requests that the Government be precluded from introducing any of Smith Jr.'s Statement at trial.

In its response (Doc. 480) the Government states that Smith Jr.'s Statement is "proffer protected," and therefore, the Government has agreed not to use such statement or information provided by Smith Jr. in said proffer in the Government's case-in-chief. (Doc. 480 at 3). However, if Smith Jr. decides to testify and does so materially different than the substance of his statement, the Government will use Smith Jr.'s Statement as impeachment or rebuttal evidence. The Government asserts that in such event, no *Bruton* issues will exist because Smith Sr. would have the opportunity to cross-examine Smith Jr.

In *Bruton*, the Supreme Court held that admission of a codefendant's confession that implicates the defendant in a joint trial violates the defendant's right of cross-examination

under the Confrontation Clause of the Sixth Amendment. However, as noted above, the Government does not intend to use Smith Jr.'s Statement in its case in chief. Further, at this time, the Government proposes to separate the trials of Smith Sr. and Smith Jr.

Accordingly, the Court finds Defendant Calvin James Smith, Sr.'s Motion to Sever (Doc. 444) should be, and hereby is, **DENIED** as **MOOT, WITHOUT PREJUDICE**.[1]

**SO ORDERED**, this 16th day of October 2024.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] This Order does not affect the pending motions to sever filed by other Defendants Bobby Leon Kaiser (#3) (Doc. 447); Christopher Fernander Martin (#12) (Doc. 446); or Amjed Hasan Hajjaj (#14) (Doc. 448), which shall be resolved by separate Order(s).

2