IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | CASE NO: 7:23-CR-65 WLS-TQL-01 |
| : | |
| **CALVIN JAMES SMITH, a/k/a** : | |
| **ROLLO,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

Before the Court is Defendant Calvin James Smith, Sr.'s Motion to Dismiss (Doc. 469) ("Motion to Dismiss") filed September 17, 2024, along with the Government's Response in Opposition to Defendant's Motion to Dismiss (Doc. 489) ("Response") filed October 1, 2024. Briefing in this matter has been completed, and it is ripe for decision. For the reasons stated below, the Motion to Dismiss is **DENIED**.

**I.  BACKGROUND**

On July 12, 2023, Defendant Calvin James Smith, Sr., aka Rollo ("Smith Sr."), along with nineteen additional Defendants, was indicted by a grand jury in a forty-three count indictment (Doc. 1). Smith Sr. was charged in twenty-three of those counts including conspiracy to distribute control substances, possession with intent to distribute various controlled substances, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime. On September 11, 2023, an Order (Doc. 294) was entered declaring the case complex.

At a status conference held September 4, 2024, Smith Sr.'s counsel, Michael Granims, notified the Court that Smith Sr. wanted counsel to file two motions that Mr. Granims believed to be frivolous. After discussions during the status conference, the Court ascertained that, Defendant seeks to have the Indictment dismissed based on what is commonly referred to as "sovereign citizen" or similar arguments, contesting the Court's jurisdiction over Smith Sr. because the alleged criminal offenses did not occur on "federal land" but allegedly occurred

in the State of Georgia. Smith Sr.'s second proposed motion asserts that the Commerce Clause does not vest Congress with authority to create criminal statutes under which Smith Sr. could be charged.

To bring these matters before the Court for determination and to relieve Mr. Granims of concerns as to his responsibility to the Court to refrain from filing frivolous motions, the Court instructed Mr. Granims to file the motions requested by Smith Sr. with consultation with Defendant. As noted above, Smith Sr.'s Motion to Dismiss is now fully briefed.[1]

This case has been set for pretrial conference on Wednesday, November 13, 2024, and has been specially set for trial beginning January 13, 2025.

## II. THE MOTION TO DISMISS IS WITHOUT MERIT

Smith Sr. asserts that the Court does not have exclusive nor concurrent jurisdiction over the crimes he is alleged to have committed because the places where such crimes were committed are not within the territorial jurisdiction of this Court. Smith Sr. concludes that because this Court does not have jurisdiction over the place where the crimes occurred, it is without subject-matter jurisdiction to determine the merits of the case.

Courts have unanimously found these "sovereign citizen" arguments frivolous, utterly without merit, and sanctionable. *See, Biermann v. Comm'r,* 769 F.2d 707, 708 (11th Cir. 1985) (finding appellant's arguments that he was a "freeman and unenfranchised individual" and related arguments "are patently frivolous, have been rejected by courts at all levels of the judiciary, and, therefore, warrant no further discussion"); *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir.1987) (describing as "utterly without merit" contentions that federal jurisdiction extends only to Washington, D.C. and federal territories and enclaves); *Stoecklin v. Comm'r*, 865 F.2d 1221 (11th Cir. 1989) (finding frivolous appellant's argument that the tax court lacked jurisdiction over him because he was a "freeman" not subject to taxes and imposing double the amount of sanctions requested by IRS).[2]

---

[1] The motion is drafted by Smith Sr. and filed by counsel, Michael Granims.

[2] Georgia courts likewise find such arguments are without merit. *See Deason v. State*, 823 S.E.2d 832, 833 (2019) ("To the extent [defendant] claims that he is a 'sovereign citizen' not subject to the jurisdiction of the courts or governmental agencies, that argument fails. As we recently noted, the 'sovereign citizen' defense, which alleges

As noted by the Eleventh Circuit, Smith Sr.'s arguments that this Court does not have jurisdiction over him because his alleged crimes were committed in Georgia is patently frivolous and warrants no further discussion. *Biermann,* 769 F.2d at 708.

Smith Sr.'s second argument that the Commerce Clause does not vest Congress with authority to create criminal statutes under which he could be charged is likewise without merit. However, under the Commerce Clause Congress does in fact have the authority and power to "regulate the channels of interstate commerce[,] . . . regulate and protect the instrumentalities of interstate commerce, and persons or things in interstate commerce[,] . . . [and] regulate activities that substantially affect interstate commerce." *Gonzales v. Raich*, 545 U.S. 1, 16–17 (2005).

The Indictment charges Smith Sr. with violations of 21 U.S.C. § 841(a)(1) Controlled Substances Act, 18 U.S.C. § 922(g)(1) possession of a firearm by a convicted felon, and § 924(c)(1)(A) possession of a firearm in furtherance of a drug trafficking crime. Challenges to Congress's authority under the Commerce Clause to enact each of those statutes have been rejected. *United States v. Lopez*, 459 F.2d 949, 953 (5th Cir. 1972) ("We hold that Congress acted within the power granted to it under the Commerce Clause when it enacted . . . 21 U.S.C. § 841(a) (1) and § 846."); *United States v. Jackson*, 111 F.3d 101, 102 (11th Cir. 1997) ("The illegal possession and sale of drugs affects interstate commerce, and Congress accordingly has authority under the Commerce Clause to criminalize and punish drug-related activity."); *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996) (Congress did not exceed its Commerce Clause power in enacting 18 U.S.C. § 922(g)(1)—prohibiting possession of a gun by a convicted felon—because the statute explicitly requires that the gun have a connection to interstate commerce); *United States v. DePace*, 120 F.3d 233, 235 n. 2 (11th Cir. 1997) (agreeing with those courts that have rejected the idea that 18 U.S.C. § 924(c) is an unconstitutional effort to regulate intrastate, non-economic activity).

---

that the government is illegitimate, has no conceivable validity in American law." (citation and internal quotation marks omitted)).

3

## III. CONCLUSION

Based on the foregoing discussion, Defendant Calvin James Smith, Sr.'s Motion to Dismiss (Doc. 469) is without merit and is **DENIED**.

**SO ORDERED**, this 7th day of November 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**
