IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | |
| | : | **CASE NO:** |
| **CALVIN JAMES SMITH, a/k/a** | : | **7:23-cr-065–WLS–TQL** |
| **"ROLLO",** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

### ORDER

Trial One in the above matter is scheduled to begin on **Monday, January 13, 2025, at 8:30 a.m. in Valdosta, Georgia**. The following Defendants will be tried at Trial One:

Calvin James Smith a/k/a Rollo - #1 ("Smith Sr.") – Counsel Michael Granims
Bobby Leon Kaiser - #3 ("Kaiser") – Counsel Robert McLendon
Vernardo Henley - #7 ("Henley") – Counsel William Folsom
Christopher Fernander Martin - #12 ("Martin") – Counsel Kareem Todman

Unless otherwise stated or ordered by the Court, the following rules, in addition to the usual rules of conduct and decorum, shall apply to all counsel and parties in the trials of the above-captioned case:

1. Except as may be otherwise ordered by the Court, following selection and empanelment of the jury, trial days shall promptly begin at 8:00 a.m. and conclude at 2:00 p.m. All counsel and parties shall be present and ready to proceed at the scheduled hour.

    a. During the presentation of its case-in-chief, the party or parties shall ensure that witnesses are present and available in order to prevent any loss of trial time due to witness absence or tardiness. If a witness is not present and available at the time called, the next available witness shall be called.

    b. Counsel for the parties shall cooperate and confer in good faith in advance in an effort to accommodate witnesses where necessary and reasonable.

    c. Counsel shall promptly inform and advise all unsworn witnesses as to the rule of witness sequestration and ensure no unsworn witnesses enter the courtroom

or otherwise overhear witness testimony until the witness has testified and/or been excused.

    d.    Counsel may place witnesses on call at counsel's discretion, but shall ensure that any on-call witness is present and available when called to testify. The Court will not call a recess to wait for the appearance of an on-call witness.

2.    Counsel and staff shall strictly comply with the Court's rules regarding possession and use of electronic devices.

3.    Counsel shall not request permission to approach the bench on routine matters such as anticipated hearsay. Counsel should make such a request only for important matters such as anticipated or possible violations of an Order of the Court, a ruling *in limine*, or to advise the Court of a matter that needs special evidentiary or procedural attention.

4.    Counsel shall not make speaking objections or respond likewise. Objections and responses shall be directed to the Court, not opposing counsel.

5.    Review of documents in court by counsel prior to presenting them to a witness is simply to verify the identity of the document, not for in-depth review of its substance.

6.    All exhibits admitted into evidence shall be placed in the custody of the courtroom deputy at the end of the trial day, unless otherwise allowed by the Court and noted for the record. In such case, the proponent shall ensure the safekeeping of the exhibit until placed in the custody of the courtroom deputy and noted in the record.

7.    To the extent possible, evidentiary, and other issues requiring the Court's attention outside of the presence of the jury will be taken up outside of the 8:00 to 2:00 trial day.

8.    The Court will set aside one hour following each trial day to resolve and address issues that must be addressed outside of the presence of the jury–3:00 p.m. on Mondays, Tuesdays, Wednesdays, and Fridays, and 4:00 p.m. on Thursdays, unless otherwise ordered by the Court. Lead counsel shall be present for all such hearings and proceedings. The Court may alter these times as may be necessary for other scheduled hearings and proceedings.

9.    Counsel shall address witnesses from the lectern except when permitted upon request to approach a witness. In such case, counsel shall promptly return to the lectern in anticipation of testimony upon continued examination.

10. In trials involving multiple Defendants, Counsel for Defendants shall cross-examine witnesses and present evidence, if any, in the order that the Defendants appear in the indictment.

11. Cross-examination, re-direct, re-cross, etc., shall be strictly limited to the scope of the immediately preceding examination.

12. Objections and responses thereto will be made by the attorneys participating in the witness's direct and cross-examination. However, upon request, the Court will allow the examining attorney a brief time to confer with co-counsel.

The Court may amend this Order as necessary.

**SO ORDERED**, this 13th day of December 2024.

                                         /s/W. Louis Sands
                                         **W. LOUIS SANDS, SR. JUDGE**
                                         **UNITED STATES DISTRICT COURT**