IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : <br> : <br> v. : <br> : <br> : **CASE NO:** <br> : **7:23-cr-065–WLS–ALS** <br> **CALVIN JAMES SMITH, a/k/a** : <br> **"ROLLO",** *et al.*, : <br> : <br> **Defendants.** : <br> _____ | |

## ORDER

This case was initiated on July 12, 2023, with a forty-four count Indictment charging twenty defendants with Conspiracy to Possess with Intent to Distribute Controlled Substances, including methamphetamine, cocaine base, cocaine, and marijuana, among other charges involving distribution of and possession with intent to distribute controlled substances and firearm charges. (Doc. 1).

Trial of the following Defendants began **Monday, January 13, 2025**:

Calvin James Smith a/k/a Rollo - #1 ("Smith Sr.") – Counsel Michael Granims
Bobby Leon Kaiser - #3 ("Kaiser") – Counsel Robert McLendon
Vernardo Henley - #7 ("Henley") – Counsel William Folsom

The morning of January 13, 2025, the Court was advised that Defendant Vernardo Henley ("Henley") notified his counsel, William Folsom, that he wanted to fire Mr. Folsom as his counsel. Mr. Folsom was appointed counsel for Henley on June 28, 2024, due to the death of Henley's initial counsel, Marc Metts. Henley is charged in Count One of the Indictment with Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C). Prior to beginning jury selection, the Court conducted an in-chambers conference to hear Henley's concerns and Mr. Folsom's responses. This Order memorializes that conference.

Henley contends that he is not ready for trial and that Mr. Folsom has not adequately prepared for trial because Mr. Folsom has not reviewed discovery with Henley. He further complains that Mr. Folsom did not file a pretrial motion that Henley believes should have

1

been filed on his behalf. Finally, Henley contends that Mr. Folsom did not sufficiently discuss the possibility of a plea agreement with Henley.

Contrary to Henley's assertions, Mr. Folsom represented to the Court that together, he and Mr. Metts, met with Henley ten times, and that Mr. Metts and Mr. Folsom had in fact reviewed discovery with Henley. As noted above, Henley is charged in one of the forty-four counts. As part of his discovery review with Henley, Mr. Folsom played for Henley a phone call that is specifically related Henley. Mr. Folsom explained that he advised Henley that although there are other phone calls between Henley and other Defendants, the call he played for Henley to listen to is the only one that is potentially damaging to Henley.

With respect to the pretrial motion, Henley contends that he was incarcerated during the timeframe in which he is alleged to have committed the violations. All twenty Defendants are included in Count One, the conspiracy charge, which allegedly occurred "not later than October 13, 2021, and continuing until at least on or about November 10, 2022. Henley concedes that he was not incarcerated during that entire timeframe. Regardless, it is the Government's burden to prove the allegations in the Indictment. Finally, the Court is confident that any plea agreement offered by the Government was adequately explained by Mr. Folsom, discussed with Henley, and Mr. Folsom's recommendation would have been provided to Henley. Whether or not such plea agreement, if any, contained a deal satisfactory to Henley is not within Mr. Folsom's control. Mr. Folsom indicated that he was ready to proceed to trial on behalf of Henley.

Upon the Court's review of the record in this case, the statements of Henley and Mr. Folsom, and the Court's observations of them during the January 13, 2025 in-chambers conference, the Court finds that any breakdown in the attorney-client relationship is not irreparable. Mr. Folsom has adequately represented Henley in pretrial matters in this case, and Mr. Folsom has adequately prepared to proceed to trial. Advice given to Henley by Mr. Folsom is in Henley's best interests, and there is no reason or showing that Mr. Folsom is unable or unwilling to zealously represent Henley at trial

Accordingly, Mr. Folsom shall continue to represent Henley in this matter, and trial shall proceed as noticed and scheduled. Defendant has failed to show adequate reason to replace his counsel or to continue the trial of his case.

**SO ORDERED**, this 14th day of January 2025.

                                                <u>/s/W. Louis Sands</u>
                                                **W. LOUIS SANDS, SR. JUDGE**
                                                **UNITED STATES DISTRICT COURT**